CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 18 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JOHN L. IRBY,  )<br>  )<br>Defendant.  )  | Case No. 7:06-PO-00314<br><br>By: Hon. Michael F. Urbanski<br>   United States Magistrate Judge |

## MEMORANDUM OPINION

Defendant John L. Irby ("Irby") was charged with assaulting an officer, a violation of 18 U.S.C. § 111, and with disorderly conduct, a violation of 38 C.F.R. § 1.218(a)(5), at the Veterans' Administration Hospital ("VA") in Salem, Virginia on June 12, 2006. A trial was held in this matter on August 3, 2006. At trial, the undersigned dismissed the assault charge because the government failed to prove the assault was forcible under the peculiar facts of this case. As to the remaining charge of disorderly conduct, defendant noted that the government failed to present evidence that the disorderly conduct regulations were posted at the VA. Defendant argued that the posting of conduct regulations is an element of the offense, and since the government presented no evidence regarding posting, it failed to prove every element of the offense beyond a reasonable doubt. Irby's counsel moved for a judgment of acquittal on the disorderly conduct charge.

After noting that defendant's actions clearly constituted a violation of 38 C.F.R. § 1.218(a)(5), the court took the case under advisement to issue a written opinion addressing defendant's argument that the posting of conduct regulations is an element of the offense that must be proven beyond a reasonable doubt.

For the reasons set forth in this Memorandum Opinion, the court finds no merit to defendant's argument and finds Irby guilty of violating 38 C.F.R. § 1.218(a)(5). A sentencing hearing will be set.

## I.

Testimony at trial revealed the following series of events. On June 12, 2006, Irby was sitting at the VA with a group of friends and talking.[1] Undisputedly, Irby was causing no trouble or disturbance of any kind. Regardless, Nurse Margaret Sheppard ("Sheppard") noticed that Irby smelled of alcohol and called the VA police.[2] Officer Lisk ("Lisk") arrived on the scene and observed Irby engaged in conversation. Lisk walked over to Irby and asked to speak with him. Irby agreed and, according to Lisk, walked over to him without stumbling or tripping. However, Lisk noticed that Irby smelled of alcohol and that his eyes were slightly bloodshot and glassy. Lisk asked if Irby had been drinking, and Irby admitted that he had. Irby then recanted when asked to confirm his consumption of alcohol. After receiving contradictory answers, Lisk encouraged Irby to be honest.

At that point, Irby said, "I don't have to speak to you, f— you," and began to walk away. Lisk pursued Irby to obtain his name for his report, but Irby refused to give his name and insisted that he did not have to talk to Lisk. As Lisk repeated his request, Irby continued to walk away and began to shout profanities and other epithets at Lisk. Lisk continued to pursue Irby as he walked away and called for backup.

After several minutes, Officer Fieschel ("Fieschel") arrived to assist Lisk and encountered Irby in a parking lot a few buildings away. Fieschel instructed Irby to stop walking away and to

---

[1] Irby is an elderly Vietnam era veteran who resided at the VA in a work program.

[2] It is illegal to enter the VA under the influence of alcohol. 38 C.F.R. § 1.218(a)(7).

2

talk to Lisk. The confrontation escalated as the officers called out orders and Irby responded with profanity. A VA housekeeper testified at trial that he heard the encounter from ninety yards away. Fieschel testified that he approached Irby, and Irby pushed him away three times. The officer characterized his contact as being "not too forceful." The officers testified that Irby then appeared poised to strike, so Fieschel tackled Irby as Lisk pepper sprayed him. After being subdued, Irby was arrested.

Prior to trial, Irby's counsel moved to suppress the evidence, arguing that the VA police conducted an illegal Terry stop, as Lisk lacked reasonable suspicion to question Irby. At trial, the court denied the motion, finding that Lisk had reasonable suspicion to investigate whether defendant had violated 38 C.F.R. § 1.218(a)(7) by entering the VA under the influence of alcohol, noting the call from Sheppard, the smell of alcohol emanating from Irby, Irby's bloodshot and glassy eyes, and finally the contradictory answers given by Irby regarding whether he had been drinking.

The court dismissed the assault charge based on the circumstances of the encounter, the lengthy police pursuit, and Fieschel's testimony that Irby's resistance was "not too forceful," leaving only the disorderly conduct charge under 38 C.F.R. § 1.218(a)(5). Irby's counsel moved for a judgment of acquittal on the disorderly conduct charge, contending that the VA is required to post the rules and regulations governing conduct at the VA. 18 U.S.C. § 901(d); 38 C.F.R. § 1.218(a). Defendant contends that the government failed to submit any evidence as to whether the conduct regulations had been posted.

## II.

18 U.S.C. § 901(a)(1) gives the Secretary of the Department of Veterans Affairs the authority to promulgate rules governing conduct at the VA. Rules governing conduct at the VA

3

are listed in 38 C.F.R. § 1.218. Section 1.218(a)(5) prohibits conduct on the VA which "creates loud or unusual noises . . . which otherwise impedes or disrupts the performance of official duties . . . or the use of loud, abusive, or otherwise improper language . . . ."

Only one court has dealt with the issue of whether posting regulations is an element of the offense of disorderly conduct. In United States v. Roper, No. 03-M-361 (CLP), 2003 WL 24017061, at *15-16 (E.D.N.Y. Nov. 24, 2003), the court rejected the argument that posting conduct regulations is an element of the offense. The court found that 18 U.S.C. § 901(d) did not make a violation of rules contingent upon those rules being posted. Id. at *15. The court distinguished the requirements of § 901(d) from those of other statutes where a violation clearly hinged on posting the requirements. Id. at *15-16. By looking at similar statutes involving posting requirements, the court held that when Congress intends the posting of regulations to be an element of the offense, it clearly states so. Id.

For example, the court found that a person could not be convicted of bringing a firearm into a federal building unless the ban on firearms had been posted, because the statute clearly states "no person shall be convicted of an offense . . . if such notice is not so posted. . . . ." Id. at *16. Additionally, the authority of the Administrator of General Services to promulgate regulations governing conduct hinged on those regulations being posted. Id. at *15-16. That statute gave the Administrator the authority to make regulations "provided, that such rules and regulations shall be posted . . . ." Id. at *16.

In contrast, no such language exists in the VA regulation at issue in Roper. As a consequence, the Roper court found that the Secretary of the VA's authority to promulgate conduct regulations did not hinge on those regulations being posted. Further, the court held that

4

posting the regulations is not an element of the offense of disorderly conduct. Id. Rather, the court found failure to post to be "at best, an affirmative defense." Id.

## III.

Irby makes two arguments that posting is an element of the offense. Defendant first argues that the conduct regulations apply only if they have been posted. See Defendant's Memorandum in Support of Motion for Judgment of Acquittal [hereinafter Def.'s Mem.], at 2-3. He notes the wording of 38 U.S.C. § 901(d), which states: "[t]he rules prescribed under subsection (a), together with the penalties for violations of such rules, shall be posted conspicuously on property to which they apply." Id. at 2. Based on this language, Irby contends the conduct regulations do not apply if they are not posted. Id. Second, Irby argues that Congress' intent in enacting such a posting requirement was to make veterans aware "that while on VA property they are subject to special and often stricter rules and punishments than those applicable elsewhere." Id. at 4.

Irby's argument regarding the construction of the statute overlooks the fact that nothing in the statute requires posting of the conduct regulations in order to effectuate them. The Roper analysis is correct. Neither the language of 38 C.F.R. § 1.218 nor 18 U.S.C. § 901(d) suggests that conduct regulations must be posted before a person can be convicted of violating those provisions. Furthermore, the authority of the Secretary to promulgate regulations is not contingent upon the posting of those regulations. As such, posting of conduct regulations is not an element of the VA disorderly conduct offense, and the United States has met its burden of proof on the disorderly conduct charge beyond a reasonable doubt.[3]

---

[3] To the extent that failure to post the regulations is considered an affirmative defense, defendant offered no proof to establish that the regulations in question were, in fact, not posted at the VA.

5

The undersigned also rejects Irby's congressional intent argument. The rules governing conduct at the VA were implemented as a part of the Veterans' Health Care Act of 1984. See Rules and Regulations, Veterans Administration: Security at VA Facilities, 50 Fed. Reg. 29,226 (July 18, 1985). The intent behind the section of the act dealing with conduct regulations and police functions at the VA was "to provide for security and law enforcement on VA property" as well as to increase prosecution of petty offenses on VA property. H.R. Rep. No. 98-779, at 11 (1984). The House Report says nothing about requiring the conduct regulations to be posted in order to let veterans know "that while on VA property they are subject to special and often stricter rules and punishments than those applicable elsewhere," as the defendant contends. Def.'s Mem. 4. Irby's argument as to congressional intent, while creative, is simply not borne out by the legislative history.

Accordingly, defendant's motion for a judgment of acquittal on the disorderly conduct charge is denied. The United States has proven defendant violated 38 C.F.R. § 1.218(a)(5) beyond a reasonable doubt, and the undersigned finds Irby guilty of the offense. The Clerk is directed to set this case down for sentencing.

It is so **ORDERED**.

ENTER: This /8 day of August, 2006.

Michael F. Urbanski
United States Magistrate Judge